IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Keith Curtis and Tyneshia Brooks, | ) | |
| Individually and on Behalf of All Others | ) | |
| Similarly Situated, | ) | Civil Action No. 3:12-cv-02370-JFA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Time Warner Entertainment-Advance/ | ) | |
| Newhouse Partnership, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Memorandum of Law in support of Plaintiff's Motion to
Compel Discovery and Impose Sanctions**

Plaintiffs Keith Curtis and Tyneshia Brooks filed this collective action pursuant to 29 U.S.C. §216(b) in order to recover damages resulting from Defendant's employment policy requiring Plaintiffs and other TWEAN marketing employees to perform essential employment tasks during uncompensated, personal time. TWEAN requires telesales representatives to reconcile their actual telemarketing sales with the sales records reported in TWEAN's ICOMS and GLOCENT Sales Software. This reconciliation task is necessary because of defects in the software programs which tract customer orders and the commissions owed to telesales representatives. Forcing Plaintiffs and putative class members to perform these tasks without compensation violates the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, et seq.

Plaintiffs move pursuant to Rules 26, 33 and 34, Fed. R. Civ. P. to compel full and complete discovery responses by Defendant Time Warner Entertainment-Advance/Newhouse Partnership (TWEAN) to Plaintiffs' First Set of Interrogatories and First Request for Production.

1

Plaintiffs respectfully request an order compelling disclosure and deeming all improperly-raised objections waived.

## FACTUAL BACKGROUND

Plaintiffs served Defendant with their First Set of Interrogatories (**Exhibit A**) and First Request for Production (**Exhibit B**). These requests were narrowly tailored to discover information about and pertaining to TWEAN's policy of requiring marketing employees like Plaintiffs to perform required tasks without receiving compensation. For example, Plaintiffs requested:

> Any and all documents and electronic data, including internal email, memorandum, policies and procedures and any communications relating to or discussing telesales representatives checking or being prohibited from checking, their sales data against the TWC [(Time Warner Cable)] sales software which accounted for their commission while those employees were on the clock or logged in working for TWC.

Pls. Req. Production, Req. No. 3.

Plaintiffs also sought evidence of TWEAN's knowledge of the problem with the ICOMS and GLOCENT Sales Software. TWEAN marketing employees are required by TWEAN to use personal time reconciling their sales because TWEAN's sales software does not function properly. TWEAN's preferred solution, instead of fixing this software problem, is to require employees to reconcile their sales accounts during uncompensated time. Since this software problem and TWEAN managers' discussions concerning how to remedy it are highly relevant to the allegations in this case, Plaintiffs requested email correspondence from just eight (8) TWEAN employees containing the terms "Glocent and problems; Commissions and problems; Checking and Glocent; Overtime; Sales and overtime; and Commissions and owed." Pls. Req. Production, Req. No. 4.

Plaintiffs also submitted narrowly-tailored interrogatories primarily designed to identify individuals with personal knowledge of TWEAN's sales software, the manner and order in which sales calls are transferred to marketing employees, and the facts alleged in the Complaint. See e.g., Pls. Interrogatories Nos. 1 - 8. Plaintiffs received Defendant's Response to Plaintiffs' First Set of Interrogatories (**Exhibit C**) and Defendant's Response to Plaintiffs' First Set of Requests for Production of Documents (**Exhibit D**) on January 11, 2013.[1] Defendant's responses raise a number of boilerplate objections not permitted by the Federal Rules of Civil Procedure. Defendant also appears to have withheld documents under a claim of privilege without identifying the information withheld and stating a specific objection.

Extensive communications ensued between counsel for the parties in an effort to resolve this discovery dispute.[2] Telephone conferences and multiple email communications were exchanged in an effort to consult prior to filing this motion. Plaintiffs requested supplemental responses by Defendant that:

1. Remove boilerplate and unspecified objections and either answer or object to each Interrogatory and Request for Production;

---

[1] Plaintiffs served their discovery requests on November 19, 2012. Defendant's counsel requested additional time to respond on or before January 8, 2013. That request was granted and Defendant served their responses via U.S. Mail on January 7.

[2] On January 11, 2013, Plaintiffs' counsel began discussing with Defendant the Plaintiffs' objections to Defendant's discovery responses. On January 14, 2013, counsel held a conference call to discuss the discovery dispute and subsequent emails were sent further setting forth the parties respective positions. Plaintiffs asked and Defendant agreed to supplement their responses on or before January 25, 2013. On January 28, 2013, via email and U.S. Mail, Defendant served supplement responses to Plaintiffs' Interrogatories and Request for Production. Further, on February 1, 2013, Plaintiffs' counsel Todd Ellis received a letter from Defendant via overnight mail with a disc containing documents therein. The package had no Supplemental Responses and the letter simply referred to "document production, Bates labeled TWC001213-TWC—1704" without any supplemental responses indicating as which request the materials are responsive.

2.  Identify with each response the documents produced in response to that Request for Production and include a privilege log identifying items withheld;

3.  Remove the unilaterally imposed three-year limitation on producing responsive documents based on Defendant's determination that Plaintiffs are not entitled to discover evidence created more than three years prior the filing of the Plaintiffs' Summons and Complaint;

4.  Give words their plain and commonly-understood meaning when construing Plaintiffs' requests to identify TWEAN employees responsible for managing and "most responsible for" certain aspects of the TWEAN software, and setting policy for telesales representatives checking their sales reports while on the clock for TWEAN.

Defendant's supplemented its discovery on January 28, 2013(**Exhibits E and F**). Defendant served just eight (8) pages of supplemental documents in response to Plaintiffs' Request for Production (TWC001204-TWC001208) on January 29, 2013. Defendant's supplemental responses failed to remedy any of its initial objectionable practices. Further, on February 1, 2013, Plaintiffs' counsel Todd Ellis received a letter from Defendant via overnight mail containing a disc with purported discovery documents. The package had no Supplemental Responses and the letter simply referred to "document production, Bates labeled TWC001213-TWC—1704" without any supplemental responses indicating as which request the materials are responsive. This motion followed.

## ARGUMENT

Defendant's Initial and Supplemental responses violate the Federal Rules of Civil Procedure because they raise generalized, boilerplate objections and fail to identify the information withheld pursuant to an objection or claim of privilege. Most of these objections are common from request-to-request. In some instances, these boilerplate objections object to the information sought while also providing Plaintiffs with *some* response, thus leaving Plaintiffs unable to determine what information has been withheld and the specific justification for the

4

withholding. Defendant has also unilaterally imposed limitations on the information it is willing to disclose that are unsupported by the Rules. Furthermore, Defendant insists on construing words contrary to their plain and ordinary meaning and then raising objections premised on their self-supplied meaning. Accordingly, Plaintiffs respectfully submit, this Court should compel full disclosure and deem all improperly-waived objections waived.

### I.    Defendant's Responses to Plaintiffs' Interrogatories fail to comply with Rules 26 and 33 of the Federal Rules of Civil Procedure.

Rule 33 requires that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). The rules of discovery are construed liberally and authorize broad disclosure in order to aid civil litigants in discovering the truth in civil trials. Herbert v. Lando, 441 U.S. 153, 177, 99 S.Ct. 1635, 1649 (1979). Accordingly, a party objecting to disclosure bears the burden of demonstrating that the objection should be sustained. DL v. Dist. of Columbia, 251 F.R.D. 38, 43 (D. D. C. 2008). This means that "[t]he grounds for objecting to an interrogatory must be stated *with specificity*." Fed. R. Civ. P. 33(b)(4).

A properly raised objection specifically describes the nature of the objection and supports the objection with specifically articulated facts. Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 358 (D. Md. 2008) ("[B]oilerplate objections that a request for discovery is 'overboard and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence,' persist despite a litany of decisions from courts […] that *such objections are improper unless based on particularized facts*." (internal citation omitted)). Stating a specific objection provides the requesting party with adequate notice of the grounds for the objection. It also provides the requesting party with the necessary information to determine

5

whether the objection is proper, and thus should go unchallenged, or improper, and thus should be brought before the court pursuant to a motion to compel. When observed, this procedure is designed to *minimize* the need for judicial intervention in endless discovery disputes.

TWEAN has raised numerous boilerplate objections to Plaintiffs' First Set of Interrogatories (**Exhibit A**), often while also providing *some* limited information in response. For example, Plaintiff's Interrogatory #1 to Defendant asks, "Give the names and addresses of persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been take from the witnesses, and indicate who has possession of such statements." Defendant responded:

> TWEAN objects to this Interrogatory on the grounds that it is compound as the Interrogatory actual asks for two distinct categories of information (*i.e.*, (1) identify witnesses, and (2) state whether statements have been taken from any witnesses). TWEAN will treat Interrogatory No. 1 as two separate interrogatories and respond to each in turn.
>
> Interrogatory No. 1 (identify witnesses concerning facts of the case):
> TWEAN objects to this Interrogatory on the grounds that it is vague and ambiguous to the extent it uses the phrase "witness concerning the facts of this case." To the extent the phrase is meant to require TWEAN to identify every single individual who may have some knowledge about some "fact" in this case (which could potentially cover every individual who worked in the same facility as Plaintiffs and more), TWEAN objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is irrelevant and immaterial to the subject matter of the pending litigation and not reasonably calculated to lead to the discovery of admissible evidence. TWEAN also objects to this Interrogatory on the grounds that discovery is on-going and TWEAN cannot conclusively identify all of the persons that ultimately may have knowledge of the relevant facts in this litigation because the facts may not yet be known. Further, TWEAN objects to this Interrogatory to the extent that it seeks confidential information relating to individuals who are not parties to this litigation.
>
> Subject to the foregoing objections and without waiving same, TWEAN responds by stating the following individuals are known by TWEAN to be witnesses with knowledge of relevant and material facts of the case:
>
> - Plaintiff Keith Curtis;

- Plaintiff Tyneshia Brooks;
- Kevin Bush (may be contacted via TWEAN's counsel);
- Tony Lewis (may be contacted via TWEAN's counsel);
- Lorna Hirsch (may be contacted via TWEAN's counsel).

<u>Interrogatory No. 2 (state whether any identified witnesses have provided statements):</u> TWEAN objects to this Interrogatory to the extent it seeks information protected from discovery under the attorney-client privilege or the work product doctrine. TWEAN will not produce such information.

Subject to the foregoing objections and without waiving same, TWEAN states that none of the above-listed witnesses have provided written or recorded statements related to this litigation at this time.

Def's Resp. Interrogatories, 4-5 (**Exhibit C**).

This response is not permitted by the Rules. First, this response asserts that this Interrogatory is too "vague and ambiguous" to allow Defendant to identify witnesses yet Defendants never-the-less identified three witnesses they believe have knowledge about the facts of this case. If this Interrogatory were in fact too vague and ambiguous then presumably Defendant would be unable to discern the allegations (as plainly stated in the Complaint) and would thus also be unable to produce the name of any witness. Defendant's objection is premised on the notion that this Interrogatory "is meant to require TWEAN to identify every single individual who may have some knowledge about some 'fact' in this case[.]" This is not what the Interrogatory or the Rules require. Plaintiffs seek, the names of the persons "known to the parties or counsel" and to the extent additional witnesses are not presently known but become known later, TWEAN can its response pursuant to its ongoing disclosure requirement.

Second, Defendant claims this Interrogatory is overly broad and unduly burdensome because it could "potentially cover every individual who worked in the same facility as Plaintiffs and more." This type of "hypothetical or contingent" objection violates the Rules, and is "worthless for anything beyond delay of the discovery." <u>Swackhammer v. Sprint Corp. PCS</u>, 225

7

F.R.D. 658, 660–61 (D. Kan .2004) (deeming such objections waived). If this Interrogatory does require the identification of a large number of witnesses, the Defendant could state a proper objection by providing an estimate of the number of witnesses implicated and describe why Defendant is unable or unwilling to produce this information.

However, while this change would constitute a properly-raised objection, it still would not be grounds for non-disclosure. "A party's failure to produce relevant discovery is not excused because the volume of records to be searched is vast and prevents a complete understanding of its contents." Stout v. Wolff Shoe Co., 3:04-CV-23231, 2007 WL 1034998-JFA, *2 (D.S.C. Mar. 31, 2007). "A party that selects its own information recording system and expects to be able to access information for business purposes will be obligated to produce that same information in discovery." Id. at *3. This collective action seeks to vindicate the rights of similarly-situated TWEAN employees who were also forced to reconcile sales accounts without compensation in violation of the FLSA. As both witnesses and potential class members, Plaintiffs are entitled to know the identity of these individuals. As the current or former employer for these individuals, it is not unreasonable to expect Defendant to be able to identify these witnesses. Defendant is also likely the only available source of this information.

Third, TWEAN claims this Interrogatory "seeks information that is irrelevant and immaterial to the subject matter of the litigation and not reasonably calculated to lead to the discovery of admissible evidence." This objection lacks credibility for one important reason: this Interrogatory seeks to identify *witnesses*. Plaintiffs fail to see how the identification of *witnesses* is not calculated to lead to the discovery of admissible evidence.

Fourth, Defendant's objections are at odds with themselves. On the one hand, this Interrogatory is objectionable because it requires Defendant to identify so many witnesses it is

8

burdensome, but on the other hand, the Interrogatory is objectionable because it is irrelevant and Defendant's response will not lead to admissible evidence.

Fifth, Plaintiffs and the Court are left guessing as to the actual basis for these objections. For example, in Defendant's response to what TWEAN has deemed "Interrogatory No. 2," Defendant objects to the identification of any statement seeking the disclosure of information protected by the attorney-client or work-product privileges, states that TWEAN "will not produce such information," but then proceeds to state "[s]ubject to the foregoing objections" that no statements have been taken.

If statements exist that are subject to the attorney-client or work-product doctrines, then Defendant must disclose that these statements exist but can object to their disclosure. "The work product doctrine is intended only to guard against divulging an attorney's strategies and legal impressions, but it does not protect facts concerning the creation of work product, or facts contained within work product." Stout, at *4. Defendant's objection raises doubts regarding TWEAN's statement that no such statement's exists by also simultaneously raising the specter of a withholding pursuant to the attorney-client and work-product doctrines. If information is being withheld, it must be described to allow Plaintiffs and the Court to determine the propriety of the withholding. If information is not being withheld, then the objection is improperly raised.

TWEAN's remaining Interrogatory Responses raise similarly-deficient responses. For example, Interrogatory Number 7 states: "From 2009 to the present, list the name, address, title and telephone number of all persons that had the ability and the authority to redirect or change the inbound sales calls for the southeast region telesales (the "Q")." In response, TWEAN states:

> TWEAN further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is irrelevant and immaterial to the subject matter of the pending litigation and not reasonably calculated to lead to the discovery of admissible evidence. This Interrogatory is

9

particularly objectionable to the extent it seeks information regarding any facility other than the facility in which Plaintiffs worked (*i.e.*, the Columbia facility). Further, Plaintiffs' FLSA and breach of contract claims are governed by, at most, a three-year statute of limitations. As Plaintiffs' Complaint was filed on August 20, 2012, TWEAN will only provide information from August 20, 2009 to the present. TWEAN also objects to this Interrogatory on the grounds that it is vague and ambiguous to the extent it uses the term "redirect or change."

Subject to the foregoing objections and without waiving same, and to the extent this Interrogatory seeks information regarding individuals who had the means to cause individual calls in the queue to be routed to or away from specific telesales agents, TWEAN states that no such individuals exists.

Def's. Resp. Interrogatories, pp. 9-10 (**Exhibit C**).

First, the first sentence in Defendant's response strongly supports the conclusion that in responding to Plaintiffs' discovery requests, Defendant merely cut-and-paste the same boilerplate objections into each response, since it is unusual to *begin* a response by stating that you "further" object, when no initial objection has been stated. The first sentence here is identical—as are most of Defendant's objections—to the second sentence elsewhere, suggesting Defendant cut-and-paste its response throughout but forgot to omit the word "further" here.

Second, nothing in the Federal Rules of Civil Procedure allows a party from whom discovery is sought to unilaterally amend an opposing party's discovery requests as Defendant has done here. Rule 26 permits discovery of "any nonprivileged matter that is *relevant* to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (emphasis added). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978), citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S. Ct. 385, 388 (1947). This includes events that occurred before an applicable

limitations period when that information is relevant to the issues in the case. Id. at 352, 98 S. Ct. at 2390.

Plaintiffs have alleged a company-wide policy of requiring sales employees to perform uncompensated work in violation of the FLSA. Even assuming, without conceding, that Plaintiffs' ability to recover damages is limited to a three-year statute of limitations, this has no bearing on the existence and implementation of the policy in question. The existence of the policy or procedure outside of the Columbia location and outside of any potentially-applicable limitations period is highly relevant. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Stout, at *2, citing Fed. R. Evid. 401. Defendant repeatedly attempts to limit its responses to the times and a place of Defendant's choosing. These objections, here and elsewhere, are improper.

Defendant also objects, here and elsewhere, on the grounds that words like, "redirect," "change," or "most responsible," "managing," servicing," and "other software" are impermissibly vague and ambiguous. See e.g., Def's Resp. Interrogatories, pp. 11-13. These words, as Plaintiffs have used them, have their ordinary meaning. Plaintiffs need not endlessly define common, easily-understood words prior to receiving a response. Plaintiffs respectfully requests that the Court determine whether these words and their use are so vague and ambiguous so as to make formulating a response impossible.

Finally, Defendant has renumbered Plaintiffs' Interrogatories from Nos. 1-8 as Nos. 1-15 alleging them to be compound interrogatories. Plaintiffs respectfully request that the Court decide which, if any, of these Interrogatories are compound so that Plaintiffs have notice as to how many interrogatories Plaintiffs have used pursuant to Rule 33(a)(1), Fed. R. Civ. P.

Without detailing each deficiency further, the following Interrogatory Responses (**Exhibit C**) are deficient in the same or substantially the same manner as described above: Response Numbers 1 – 8.

### II. Defendant's Responses to Plaintiffs' Requests for Production fail to comply with Rules 26 and 34, Fed. R. Civ. P.

Defendant's Responses to Plaintiff's Requests for Production (**Exhibit D and F**) also fail to comply with the Federal Rules of Civil Procedure. Defendant's initial response included 1,133 pages of documents but failed to include written responses indicating to which Requests these documents were responsive. Pursuant to consultation between the parties respective counsel, Defendant has since provided a supplemental written response (**Exhibit E**) indicating that these 1,133 pages of documents are responsive to Plaintiffs' Requests for Production Numbers 5 and 9. These documents are the contents of Plaintiffs' employment files, time records, wage statements, and unemployment files. On January 29, 2013, Defendant served Supplemental Responses to Plaintiffs' Interrogatories and Request for Production. The responses had just eight (8) additional pages of documents Bates Labeled TWC001204-TWC0001212. Further, on February 1, 2013, Plaintiffs' counsel Todd Ellis received a letter from Defendant via overnight male with a disc of documents therein. The package had no Supplemental Responses and the letter simply referred to "document production, Bates labeled TWC001213-TWC—1704" without any supplemental responses indicating as which request the materials are responsive. Plaintiffs respectfully seek an order compelling full disclosure and waiver of all improperly-raised objections.

As with Defendant's Interrogatory responses, Defendant's responses to Plaintiffs' Requests for Production repeatedly state generalized, boilerplate objections and unspecified claims of privilege. For example, Plaintiffs' Request for Production Number 3 requests:

> Any and all documents and electronic data, including internal email, memorandum, policies and procedures and any communications relating to or

12

> discussing telesales representatives checking or being prohibited from checking, their sales data against the TWC [(Time Warner Cable)] sales software which accounted for their commission while those employees were on the clock or logged in working for TWC.

Pls. Req. Production, Req. No. 3. In other words, documents and correspondence evidencing *the central allegation in this case*. Defendant responded:

> TWEAN objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege or the work product doctrine. TWEAN will not produce such information.
>
> TWEAN further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is irrelevant and immaterial to the subject matter of the pending litigation and not reasonably calculated to lead to the discovery of admissible evidence. This Request is particularly objectionable because, literally construed, it purports to require TWEAN to produce every document which even tangentially references a telesales representative checking his or her sales data. TWEAN will only produce documents related to Plaintiffs' claims in this litigation. This Request is also particularly objectionable because it is not reasonably limited in temporal scope, and is not limited to the Columbia, South Carolina facility where Plaintiffs worked or to the particular software programs alleged in the Complaint to be the cause of Plaintiffs' purported injuries (*i.e.*, GLOCENT and ICOMS). The Request is also objectionable to the extent it is not limited to Plaintiffs, Plaintiffs' supervisors, or otherwise not related to Plaintiffs' working conditions.
>
> TWEAN further objects to this Request as premature because Plaintiff has not yet established a *prima facie* showing that the class action requirement of Rule 23 or the FLSA are satisfied with respect to any class alleged in the Complaint or that this discovery is likely to produce substantiation of Plaintiffs' class allegations. Subject to the foregoing objections and without waiving same, TWEAN will produce any responsive and non-privileged documents, limited to the time period from August 20, 2009 to the present, relating to Plaintiffs and relating only to GLOCENT and/or ICOMS, at a mutually convenient time and place.

Resp. No. 3 (**Exhibit D**). Similarly in response to Plaintiffs request for email correspondence from eight key employees containing the key words "Glocent and problems; Commissions and problems; Checking and Glocent; Overtime; Sales and overtime; and Commissions and owed," Pls. Req. Production, Req. No. 4, Defendant responded:

13

> TWEAN objects to this Request to the extent it seeks information protected from discovery under the attorney-client privilege or the work product doctrine. TWEAN will not produce such information.
>
> TWEAN objects to this Request to the extent it seeks trade secrets or other confidential or proprietary research, development, commercial, or business information. TWEAN will produce such information, if not otherwise objectionable, only subject to the Court's entry of a suitable protective order.
>
> TWEAN further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is irrelevant and immaterial to the subject matter of the pending litigation and not reasonably calculated to lead to the discovery of admissible evidence. This Request is particularly objectionable because, the mere mention of the search terms (*e.g.*, "overtime") in an email does not render the document relevant to the instant lawsuit. Moreover, emails related to individuals who did not supervise Plaintiffs, such as William Augustus, William Medac, Brian Maynard, and Nick Collins are not relevant to Plaintiffs' claims. Further, the Request is also objectionable because it is not reasonably limited in temporal scope inasmuch as Plaintiffs' claims in this action have, at most, a three year statute of limitations. The Request is also objectionable to the extent it is not limited to Plaintiffs, Plaintiffs' supervisors, or otherwise not related to Plaintiffs' working conditions.
>
> Subject to the foregoing objections and without waiving the same, TWEAN will conduct a reasonable search for responsive documents that are relevant to the Plaintiffs' claims in this case. To the extent that any relevant non-privileged documents are discovered, TWEAN will produce those documents at a mutually convenient time and place.

Resp. No. 4 (**Exhibit D**). Defendant's Supplemental Responses to Request Number 4 (**Exhibit F**) restates the exact same objections and provides no supplemental responsive materials, no outline of the steps taken to search for the materials, or any plan to further supplement these responses.

Defendant's boilerplate responses are improper. Rule 34 authorizes a party to seek the production or inspection of documents. Fed. R. Civ. P. 34(a). A party objecting to disclosure, must "[f]or each item or category, the response *must either* state that inspection and related activities will be permitted as requested *or* state an objection to the request, including the reasons." Fed. R. Civ. P. 34(B). "An objection to part of a request must specify the part and

permit inspection of the rest." Fed. R. Civ. P. 34(C). A party can comply with this requirement by identifying documents withheld under a claim of privilege in a privilege log and stating the privilege relied upon.

First, Defendant is improperly withholding documents under a claim of privilege without identifying the documents withheld or stating the basis for the withholding. Rule 34 requires a *specific* objection or claim of privilege and disclosure of all non-objectionable material. Defendant has not provided a privilege log detailing the extent and nature of Defendant's withholding.

Second, Defendant's response that it will "conduct a reasonable search for responsive documents that are relevant to the Plaintiffs' claims in this case" is inadequate since, as demonstrated by the foregoing objections, Defendant's responses are themselves and effort to redefine the nature and scope of Plaintiffs' claim as limited to Mr. Curtis and Ms. Brooks and TWEAN's Columbia, South Carolina location. Defendants cannot redefine the scope of Plaintiffs' FLSA claim via their discovery responses.

Furthermore, Defendant's response that it will conduct a reasonable search is unacceptable since Defendant already sought, and Plaintiffs willingly extended, an extension of time in which to respond to discovery. Now, having received that extension, Plaintiffs discovery that Defendant must still "conduct a reasonable search" subject to the unilateral limitations Defendant and Defendant's counsel have imposed.

Similarly, Defendant also seeks a protective order prior to disclosure. Plaintiffs were at all times willing to execute, and since have executed, this Court's standard protective order to provide Defendant with the adequate assurances it seeks. However, rather than raise these

concerns weeks ago and prior to answering discovery, Defendant attempted to use the absence of a protective order as grounds for withholding responsive information. This only results in delay.

The remainder of Defendant's responses employ the same evasive, non-responsive techniques contained in Defendant's Interrogatory responses. Plaintiffs' incorporate those arguments here as if set forth verbatim. Without detailing each deficiency, the following Responses to Plaintiffs' Requests for Production (**Exhibit D**) are deficient in the same or substantially the same manner as described above: Request Numbers 1 – 4, 6 – 8, and 10 – 18.

### III.    Defendant should be compelled to make a full and complete disclosure and all improperly-raised objections should be deemed waived.

The Court should compel Defendant to make full and complete disclosure and deem all improperly-asserted objections waived. This Court has repeatedly rejected boilerplate objections and ordered disclosure after finding such objections to be unsupported by the federal rules and contrary to the truth-seeking function discovery is designed to serve. E.g., Benedict Coll. v. Nat'l Credit Sys., Inc., 2009 WL 3839473, *6-8, 3:08-CV-2520-JFA (D.S.C. Nov. 16, 2009) (rejecting argument that discovery sought was "overly broad, unduly burdensome and not calculated to lead to the discovery of admissible evidence"); Stout, supra.

Another court considering a similar discovery dispute also ordered disclosure and explained the importance of deeming improperly-raised objections waived. That court explained:

> As previously noted, Plaintiffs served Rule 33 interrogatories and Rule 34 document production requests on each of the Defendants. Initially, there was communication between counsel, as well as some degree of cooperation, as Plaintiffs agreed to give the Defendants an extension of time to answer this discovery. When they did answer, however, Defendants Mayflower, Lunil and Mehta (all represented by the same counsel) objected to a number of Plaintiffs' document production requests by making boilerplate, non-particularized objections. Defendant Argo also relied on this practice when objecting to one of the Plaintiffs' interrogatories. Rule 33(b)(4) requires that "the grounds for objecting to an interrogatory must be stated with specificity" and cautions that "any ground not stated in a timely objection is waived, unless the court, for good

> cause, excuses the failure"; *therefore, the boilerplate objection to Plaintiffs' interrogatory waived any legitimate objection* Defendant Argo may have had. *The same is true for the boilerplate objections to Plaintiffs' document production requests.* The failure to particularize these objections as required leads to one of two conclusions: either the Defendants lacked a factual basis to make the objections that they did, which would violate Rule 26(g), or they complied with Rule 26(g), made a reasonable inquiry before answering and discovered facts that would support a legitimate objection, but they were waived for failure to specify them as required. *Neither alternative helps the Defendants' position, and either would justify a ruling requiring that the Defendants provide the requested discovery regardless of cost or burden, because proper grounds for objecting have not been established.*

Mancia, 253 F.R.D. at 363-64 (internal citations omitted and emphasis added); see also Johnson v. Kraft Foods North America, Inc., 236 F.R.D. 535, 538 (D. Kan. 2006) (holding that "a general objection which objects to a discovery request 'to the extent' that it asks the responding party to provide certain categories of documents or information is tantamount to asserting no objection at all" and fails to preserve the objection); Hall v. Sullivan, 231 F.R.D. 468, 474 (D. Md. 2005) (objections to Rule 34 document production requests are waived if not stated with particularity).

The same reasoning and remedy should be applied in this case.

## CONCLUSION

For the reasons set forth more fully above, Plaintiffs respectfully requests that the Court compel full and complete disclosure in response to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production and deem all of Defendant's improperly-raised objections waived. Plaintiffs further seek an Order from this Court compelling disclosure within ten (10) days and ordering any such further relief as the Court deems proper and just.

        Respectfully submitted by,

        s/ Todd Ellis
        Todd Ellis (Fed. I.D. # 6488)
        LAW OFFICE OF TODD ELLIS, P.A.

7911 Broad River Road, Suite 100
Irmo, South Carolina 29063
(803) 732-0123
(803) 732-0124 FACSIMILE
TODD@TODDELLISLAW.COM

Richard A. Harpootlian (Fed. I.D. #1730)
Graham L. Newman (Fed. I.D. #9746)
M. David Scott (Fed. I.D. #8000)
Christopher P. Kenney (Fed. I.D. #11314)
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street
Post Office Box 1040
Columbia, South Carolina 29202
(803) 252-4848
(803) 252-4810 (facsimile)
rah@harpootlianlaw.com
gln@harpootlianlaw.com
mds@harpootlianlaw.com
cpk@harpootlianlaw.com

James M. Griffin (Fed. I.D. #1053)
Margaret Fox, (Fed. I.D.# 10576)
Lewis Babcock & Griffin
Post Office Box 11208
Columbia, SC 29202
(803) 771-8000
(803) 733-3541 facsimile
jmg@lbglegal.com
mnf@lbglegal.com

Columbia, South Carolina
February 1, 2013