IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Curtis and Tyneshia Brooks, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>Time Warner Entertainment-Advance/Newhouse Partnership,<br><br>Defendant. | C/A No. 3:12-cv-2370-JFA<br><br><br><br>**ORDER**<br>**ON MOTIONS TO COMPEL** |

This matter is before the court upon two motions to compel discovery[1] filed by the plaintiffs. *See* ECF Nos. 39, 60. The court heard argument on the first motion on April 15, 2013, the same day the court heard argument from the parties on the plaintiffs' motion for conditional class certification. The second motion to compel was not fully briefed at the time of that hearing, although full briefs have now been received by the court. The court has determined that oral argument on the second motion will not aid in its decision process.

Before delving into the merits of the motions to compel, the court must address two procedural issues. As to the first motion, defendant contends that the motion is defective because plaintiffs have not complied with the requirements of Local Rule 7.02, D.S.C., which requires a moving party to first confer with the opposing party about the subject of its motion before filing the motion. The court has examined the affidavit and emails attached to the plaintiffs' reply memorandum and determines that the meet and confer requirements of Local Rule 7.02 have been met. Although there was no "meet and confer" session denominated as

---

[1] The first motion additionally seeks sanctions.

such, it is clear that the plaintiffs explored various options and alternatives prior to filing their motion and complied with Local Rule 7.02 in this case.

Next, plaintiffs challenge the fact that the defendant has renumbered some of its interrogatories so as to break out subparts and assign them separate numbers. Plaintiffs' concern in this regard is obviously occasioned by Rule 33, FED. R. CIV. P., which limits a party's interrogatories to no more than twenty-five, unless the court excuses this limitation. This issue may be easily resolved by the court's announcing its intention to exercise its discretion under Rule 33 to relax the limitation on the number of interrogatories a party may make. Because the court has gained some familiarity with the complexity of this litigation at the hearing on the motion for conditional class certification, the court hereby announces that each party will be allowed to propound a total of 100 interrogatories, including all discrete subparts, to the other side in this case. Neither party should attempt to circumvent the clear import of this rule by including subparts to an interrogatory that should count as a numbered interrogatory.

Turning to the merits, in their first motion, plaintiffs point out that the defendant's initial and supplemental responses violate the Federal Rules of Civil Procedure because they raise "generalized, boilerplate objections and fail to identify the information withheld pursuant to an objection or claim of privilege." ECF No. 40, at 4. Defendant then compounds the problem by also providing plaintiffs with *some* response, thus leaving plaintiffs unable to determine what information has been withheld and the specific justification for the withholding. In their second motion, plaintiffs point out that the defendant has employed the same basic tactics in responding to the discovery requests in subsequent interrogatories and requests for production.

Rather than engage in a point-by-point discussion of each bit of information the plaintiffs seek, the court wishes to memorialize, by way of this order, its general philosophy on discovery responses and then provide the defendant an opportunity to submit new answers to all outstanding discovery. The court hastens to add that, by disposing of the motion in this fashion, the court is not at this time determining that the defendant has acted in bad faith or otherwise acted improperly under the Federal Rules of Civil Procedure or the Local Rules of this District. Rather, the defendant has responded to discovery requests in a fashion that is becoming all too common in cases on this court's docket, and the action taken on the present motions is consistent with what this court has directed in other cases.

In order to efficiently resolve discovery disputes, the parties are hereby notified that the following rules apply to discovery objections before this court:

1. <u>Nonspecific, Boilerplate Objections</u>

The parties shall not make nonspecific, boilerplate objections. Objections that state that the discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless and will be found meritless by this court. A party objecting on these grounds must explain the specific and particular way in which a given request is vague, overly broad, or unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" (citation omitted)). If a party believes that the request is vague, that party shall attempt to obtain clarification prior to objecting on this ground.

2. <u>Objections Based Upon Scope</u>

If there is an objection based upon an unduly broad scope, such as time frame or geographic location, discovery should be provided as to those matters within the scope which are not disputed. For example, if discovery is sought nationwide for a ten-year period, and the responding party objects on the ground that only a five-year period limited to activities in the State of South Carolina is appropriate, the responding party shall provide responsive discovery falling with the five-year period as to the State of South Carolina and then object to the overage.

3. <u>Irrelevant and Not Reasonably Calculated to Lead to Admissible Evidence</u>

An objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance and why the information sought will not reasonably lead to admissible evidence. Parties are reminded that the federal rules allow for broad discovery that does not necessarily need to be admissible at trial. *See* Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund*, *Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978).

4. <u>Formulaic Objections Followed by an Answer</u>

The parties shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons and then state that, "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such an objection and answer preserves nothing and serves only to waste the time and resources of both the parties and the court. Further, such practice leaves the requesting party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered. *See* Civil Discovery Standards, 2004 A.B.A. SEC. LIT. 18.

5. <u>Objections Based upon Privilege</u>

4

Generalized objections asserting the protection of the attorney-client privilege or the work product doctrine also do not comply with the Federal Rules of Civil Procedure. A party objecting on the grounds of privilege must state the specific nature of the privilege being asserted, as well as, *inter alia*, the nature and subject matter of the communication at issue and the sender and receiver of the communication and their relationship to each other. If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed waived.

With the foregoing principles in mind, the defendant is directed to submit new responses to outstanding discovery requests. If any disputes arise to the new responses, the parties must comply with the meet and confer requirements of Local Rule 7.02 prior to filing any such motion, and they should earnestly attempt to resolve discovery disputes prior to court involvement if at all possible.

IT IS SO ORDERED.

May 13, 2013                                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                                United States District Judge

5