IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Curtis and Tyneshia Brooks, *individually and on behalf of all others similarly situated*,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Time Warner Entertainment-Advance/Newhouse Partnership,<br><br>　　　　　Defendant. | C/A No. 3:12-cv-2370-JFA<br><br><br>**ORDER** |

　　　　This matter is before the court on defendant Time Warner Entertainment-Advance/Newhouse Partnership's (Time Warner's) motion for protective order. ECF No. 62. Time Warner avers that, in response to an anticipated claim by a former employee, John Oakley, its in-house counsel, Jamal Dawkins and Kevin Smith, directed Time Warner's Senior Employee Relations Manager, Julian McQueen, to conduct an investigation into Time Warner's compliance with wage and hours laws. Time Warner contends that the attorney-client privilege protects its employees' communications with Mr. McQueen made pursuant to this investigation because Mr. McQueen was acting as an agent of Time Warner's attorneys. *See Farzan v. Wells Fargo Bank*, 2012 WL 6763570, *1 (S.D.N.Y. Dec. 28, 2012). Time Warner also argues that the work-product doctrine protects materials generated as a result of that investigation which document such communications. *See id.* at *2. Accordingly, Time Warner requests an order from this court protecting such communications and related materials from disclosure.

　　　　If Time Warner can provide an affidavit of its in-house counsel that they directed Mr. McQueen to conduct the subject investigation for the purpose of providing legal advice to Time Warner, the court determines that the attorney-client privilege would protect employee communications with Mr. McQueen pursuant to the investigation from disclosure. Likewise, if Time Warner supplies an affidavit of its in-house counsel that any materials generated

documenting such communications were made in anticipation of litigation by Mr. Oakley, the court determines that the work product doctrine would protect such materials from disclosure. Time Warner is hereby given seven (7) days from the date of this order to either supply an affidavit of its in-house counsel or to withdraw its motion for protective order. If Time Warner files the affidavit, the court will then rule on Time Warner's motion.

    IT IS SO ORDERED.

May 13, 2013                                                Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge