IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Keith Curtis and Tyneshia Brooks, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Time Warner Entertainment-Advance/Newhouse Partnership,<br><br>　　　　　Defendant. | C/A No. 3:12-cv-2370-JFA<br><br><br>**ORDER** |

　　　　This matter comes before the court on a motion to amend the conditional class certification and for leave to amend the complaint filed by the plaintiffs, Keith Curtis and Tyneshia Brooks ("Plaintiffs"). ECF No. 102.

　　　　On behalf of themselves and all others similarly situated, Plaintiffs initiated this action against Time Warner Entertainment-Advance/Newhouse Partnership ("Time Warner") asserting, among other claims, violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). On May 3, 2013, this court conditionally certified the collective action pursuant to section 216(b) of the FLSA. ECF No. 73; *see also* ECF Nos. 76, 87. Now, Plaintiffs seek to expand the conditional class. ECF No. 102. Time Warner has filed a response in opposition of Plaintiffs' motion, ECF No. 108, and has moved the court to defer consideration of Plaintiffs' motion until after it resolves a forthcoming motion to decertify the current class. ECF No. 115.

　　　　After carefully considering the parties' motions and being of the view that oral arguments will not aid the process, this court denies Time Warner's motion to defer and grants Plaintiffs' motion to amend the conditional class and for leave to amend the complaint as set forth below.

Accordingly, this court amends the conditional class certification to include the following class of persons:

> All current or former non-exempt Time Warner Entertainment-Advance/Newhouse Partnership (TWEAN) telesales and retention representatives employed at any TWEAN call center in the United States, on or after August 20, 2009, to the present, who were required to use sales software, including, but not limited to, the GLOCENT and/or ICOMS software pursuant to their employment by TWEAN and were instructed to reconcile their actual sales during uncompensated time and/or breaks.

Within 7 days of this order, Time Warner must produce to Plaintiffs, in electronic form, to the extent it is in Time Warner's possession or control, (1) the names of all putative members of this class, as described in the court-authorized notice attached to this order as Exhibit A; and (2) any contact information for such members, including, if available, last-known addresses and telephone numbers. Further, within 14 days of this order, Time Warner must post the court-authorized notice in all call centers where putative members of the class work. The notice must remain posted for the 60-day opt-in period described below. Time Warner may remove the notice after the opt-in period.

Once Time Warner has provided Plaintiffs' counsel with contact information for the putative class members, Plaintiffs have 7 days to postmark and send the court-authorized notice to those putative class members.

The putative members of the amended class will have 60 days to opt-in to this action from the date the court-authorized notice is mailed or posted. Plaintiffs shall notify the court when they have mailed the notice, and Time Warner shall notify the court when it has posted the notice in its call centers. This court will issue a new scheduling order in light of this order.

IT IS SO ORDERED.

November 20, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

# EXHIBIT A
# COURT-AUTHORIZED NOTIFICATION

**IMPORTANT NOTICE ABOUT YOUR RIGHT TO JOIN A LAWSUIT SEEKING TO RECOVER UNPAID WAGES AND OVERTIME COMPENSATION FROM TIME WARNER ENTERTAINMENT-ADVANCE/NEWHOUSE PARTNERSHIP**

TO: ALL CURRENT OR FORMER TIME WARNER ENTERTAINMENT-ADVANCE/NEWHOUSE PARTNERSHIP (TIME WARNER) TELESALES AND RETENTION REPRESENTATIVES EMPLOYED AT ANY TIME WARNER CALL CENTER IN THE UNITED STATES, ON OR AFTER AUGUST 20, 2009, TO THE PRESENT, WHO WERE REQUIRED TO USE SALES SOFTWARE, INCLUDING, BUT NOT LIMITED TO, THE GLOCENT AND/OR ICOMS SOFTWARE, PURSUANT TO THEIR EMPLOYMENT BY TIME WARNER.

RE: YOUR RIGHT TO JOIN A LAWSUIT SEEKING TO RECOVER UNPAID COMPENSATION

DATE: [INSERT DATE NOTICE IS MAILED OR POSTED]

**1. WHY YOU ARE RECEIVING THIS NOTICE.**

This notice is to inform you of a collective action lawsuit in which you may be "similarly situated" to the named Plaintiffs and to advise you that your rights under the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., ("FLSA") may be affected by this lawsuit, to advise you of your potential right to participate in this lawsuit, and to instruct you on the procedure for participating in this lawsuit, if you choose to do so.

**2. DESCRIPTION OF THE LAWSUIT.**

Keith Curtis and Tyneshia Brooks (Plaintiffs) have filed a complaint against Time Warner Entertainment-Advance/Newhouse Partnership (Time Warner) in the United States District Court for the District of South Carolina, Columbia Division, Civil Action No. 3: l2-cv-02370-JFA.

Plaintiffs' complaint alleges, among other causes of action, that Time Warner violated the FLSA by requiring Time Warner telesales and retention representatives to perform essential employment tasks during uncompensated personal time and breaks. Specifically, Plaintiffs allege that defects in Time Warner's software, including, but not limited to, the Glocent and/or ICOMS software, resulted in a failure to properly record the sales and commissions earned by telesales and retention representatives; that Time Warner telesales and retention representatives were instructed by Time Warner supervisors and/or managers to reconcile these discrepancies during unpaid time; and that telesales and retention representatives were not paid for the time they spent reconciling the discrepancies created by the software. Plaintiffs allege that this conduct resulted in non-payment of wages and overtime due to telesales and retention representatives.

Time Warner denies Plaintiffs' claims and states that it properly paid all wages owed to Plaintiffs.

This case is in the early stages of litigation, and the court has not ruled on Plaintiffs' claims or Time Warner's defenses.

**3. YOUR RIGHT TO PARTICIPATE IN THIS SUIT.**

You may be able to join this lawsuit, or "opt-in," as a Party if you are a current or former telesales or retention representative of Time Warner who, at any point on or after August 20, 2009, to the present, also met the following criteria: (1) you were employed at a Time Warner call center in the United States; (2) you were required to use software, including, but not limited to, the Glocent and/or ICOMS software, pursuant to your employment; (3) you were instructed to reconcile your actual sales during uncompensated time and/or breaks; and (4) you performed this task during time for which you were not paid.

If you have received any communication and compensation from Time Warner purporting to compensate your for previously uncompensated work, you may still be entitled to standard and/or overtime compensation as well as liquidated damages in an amount equal to your entire claim, attorneys' fees, and costs. Neither your receipt nor your acceptance of any monies affects your right to participate in this lawsuit.

You are not required to join this lawsuit. If, however, you wish to join as a Party, you may sign the enclosed "Consent to Become a Party" form and mail it to Plaintiffs' counsel at:

Richard A. Harpootlian
Graham L. Newman
M. David Scott
Christopher P. Kenney
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street
Post Office Box 1040
Columbia, South Carolina 29202
(803) 252-4848 (phone)
(803) 252-4810 (facsimile)
rah@harpootlianlaw.com
gln@harpootlianlaw.com
mds@harpootlianlaw.com
cpk@harpootlianlaw.com

If you receive this notice but do not have an accompanying "Consent to Become a Party" form, you can contact Plaintiffs' counsel to obtain a form.

You must either return the signed form to Plaintiffs' counsel or retain other counsel in time for counsel to file your "Consent to Become a Party" form in this action with the United States District Court for the District of South Carolina on or before [INSERT DATE 60 DAYS AFTER NOTICE IS MAILED OR POSTED]. If you fail to file a "Consent to Become a Party" form with the court on or before this deadline, you will not be able to participate in this lawsuit.

If you file a "Consent to Become a Party" form, the court may decide whether you are a proper Party to this lawsuit.

**4. EFFECT OF JOINING THIS LAWSUIT.**

If you choose to join in this lawsuit, you will be bound by the judgment, whether favorable or unfavorable. You also will give up the right to file a suit in a separate action for the claims made in this case.

The attorneys for Plaintiffs seek payment of attorneys' fees on a contingency fee basis out of any recovery. If there is no recovery, there will be no attorneys' fees. If there is a recovery, the attorneys for Plaintiffs will receive a part of any settlement obtained or money judgment entered in favor of Plaintiffs. If you join this suit and agree to be represented by Plaintiffs' counsel, then you agree to a contingency fee agreement, a copy of which is available from Plaintiffs' counsel, and you designate Plaintiffs' counsel as your attorney to make decisions on your behalf concerning this litigation, the method and manner of conducting the litigation, and all other matters pertaining to this lawsuit.

**5. NO LEGAL EFFECT IN NOT JOINING THIS LAWSUIT.**

If you choose not to join this suit, your rights will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable. If you choose not to join in the lawsuit, you are free to file your own lawsuit and you may be represented by your attorney of choice.

**6. NO RETALIATION PERMITTED.**

Federal law prohibits Time Warner from discriminating or retaliating against you because you have exercised your rights under the FLSA by filing or joining a lawsuit seeking to enforce your rights. Examples of prohibited retaliation include: discharge from employment, demotion, suspension, or other adverse actions.

**7. YOUR LEGAL REPRESENTATION IF YOU JOIN.**

If you choose to join this suit, your interests will be represented by Plaintiffs' attorneys, who are:

Richard A. Harpootlian
Graham L. Newman
M. David Scott
Christopher P. Kenney
RICHARD A. HARPOOTLlAN, P.A.
1410 Laurel Street
Post Office Box 1040
Columbia, South Carolina 29202
(803) 252-4848 (phone)
(803) 252-4810 (facsimile)
rah@harpootIianlaw.com
gln@harpootlianlaw.com
mds@harpootIianlaw.com
cpk@harpootlianlaw.com

Todd Ellis
LAW OFFICE OF TODD ELLIS, P.A.
7911 Broad River Road, Suite 100
Irmo, South Carolina 29063
(803) 732-0123 (phone)
(803) 732-0124 (facsimile)
todd@toddellislaw.com

James M. Griffin
Margaret Fox
LEWIS BABCOCK & GRIFFIN, LLP
Post Office Box 11208
Columbia, SC 29202
(803) 771-8000
(803) 733-3541 facsimile
jmg@lbglegal.com
mnf@lbglegal.com

**8. FURTHER INFORMATION.**

Further information about this notice, the deadline for filing a "Consent to Become a Party" form, or questions concerning this lawsuit may be obtained by writing, emailing, or telephoning Plaintiffs' counsel at the address, email, or telephone number stated above.