IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Keith Curtis, Tyneshia Brooks, Adrienne Davenport, John Davenport, and Catherine Comella-Ports, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Time Warner Entertainment-Advance/Newhouse Partnership, and TWC Administration, LLC,<br><br>　　　　　Defendants. | C/A No. 3:12-cv-2370-JFA<br><br><br>**ORDER** |

　　　In this conditionally certified class action involving claims for unpaid wages, Time Warner Entertainment-Advance/Newhouse Partnership ("TWEAN"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, has filed a motion to dismiss[1] all but one of the claims[2] asserted by Keith Curtis, Tyneshia Brooks, Adrienne Davenport, John Davenport, and Catherine Comella-Ports (collectively "Plaintiffs").[3]  ECF No. 131.

---

[1] The court notes that it will not treat TWEAN's pleading as a motion to dismiss because, procedurally, a motion to dismiss is not appropriate after a defendant has answered. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) ("[A]s a matter of motions practice," after a defendant has filed an answer, a court should view a motion to dismiss that raises the defense of failure to state a claim as a motion for judgment on the pleadings pursuant to Rule 12(c).).  A motion for judgment of the pleadings is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss.  *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002); *Edwards*, 178 F.3d at 243.

[2] TWEAN does not challenge Plaintiffs' claim that alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 207(a).

[3] Since TWEAN filed the motion to dismiss, Plaintiffs has amended the complaint to add TWC Administration, LLC, as a defendant.  ECF 147.

1

In its motion, TWEAN seeks dismissal of: (1) the unpaid overtime compensation claims under the S.C. Wage Payment Act ("SCWPA"), S.C. Code Ann. § 41-1-10 *et seq.*, on the grounds of federal preemption; (2) the unpaid overtime compensation claims under the N.C. Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1. *et seq.*, on the grounds of federal preemption and, alternatively, because NCWHA expressly excludes the claims; and (3) the claims for breach of contract and unjust enrichment, as well as the nationwide class, for failure to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *Id.* Plaintiffs oppose the motion. ECF No. 134. The court heard oral arguments on February 7, 2014.

Having carefully considered the complaint, the parties' arguments, and the relevant law, the court finds that the complaint includes sufficient facts to meet the pleading requirements of Rule 8, as interpreted by the Supreme Court, for the breach of contract and unjust enrichment claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (holding that a complaint must "'state a claim to relief that is plausible on its face'" to survive a Rule 12(b)(6) motion). The court also concludes that the nationwide class, certified pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, meets the pleading requirements of Rule 8. Furthermore, the court finds that the claim under the SCWPA, at this juncture, contains sufficient facts to preclude dismissal on the grounds of federal preemption.

However, the court comes to a different conclusion as to the claims under the NCWHA. In their complaint, Plaintiffs submit that they "were all engaged in the regular use of the telephone for the purpose of selling and servicing TWEAN's products and services in interstate commerce. . . . " ECF No. 121, p. 13. The NCWHA excludes by its own language "[a]ny person employed in an enterprise engaged in commerce or in the production of goods for commerce as

defined in the Fair Labor Standards Act." N.C. Gen. Stat. § 95-25.14(a)(1). Thus, in a review of the FLSA, it provides that:

> "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that—
>
> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . .

Because the court finds that Plaintiffs were employed in an enterprise that falls within the FLSA definition, it agrees with TWEAN's contention that Plaintiffs' state law wage and hour claims under the NCWHA should be dismissed.

Accordingly, the court hereby grants TWEAN's motion as to Plaintiffs' claims under the NCWHA and denies the motion as to Plaintiffs' breach of contract and unjust enrichment claims, the SCWPA claims, and the nationwide class.

IT IS SO ORDERED.

February 26, 2014
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

3