IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Keith Curtis, Tyneshia Brooks, Adrienne Davenport, John Davenport, and Catherine Comella-Ports, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>Time Warner Entertainment-Advance/Newhouse Partnership; and TWC Administration, LLC,<br><br>        Defendants. | C/A No. 3:12-cv-2370-JFA<br><br><br>**ORDER** |

This matter comes before the court on a partial motion for reconsideration filed by Time Warner Entertainment-Advance/Newhouse Partnership ("TWEAN").    ECF No. 154. Specifically, TWEAN asks the court to reconsider the portion of an order that denied a motion to dismiss as to the plaintiffs' claims under the South Carolina Wage Payment Act, S.C. Code Ann. § 41-1-10 *et seq. Id.*

As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the court will treat this motion as a Rule 54(b) motion to revise its order.  Fed. R. Civ. P. 54(b).  While the Fourth Circuit Court of Appeals has offered little guidance on the evaluation standard, it has held that motions under Rule 54(b) are "not subject to the restrictive standards" of motions under Rule 60. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (finding it "unnecessary to thoroughly express [its] views on the interplay of Rules 60, 59, and 54").  Thus, the court turns to cases involving Rule 59 for guidance.

1

2

A court's reconsideration under Rule 59 "is an extraordinary remedy that should be applied sparingly." *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997). Accordingly, the Fourth Circuit has held that a court should grant a motion to reconsider only when (1) an intervening change in controlling law occurs; (2) additional evidence not previously available has been presented; or (3) the prior decision was based on clear error or would work manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). As a result, Rule 59 motions are neither an opportunity "to make arguments that could have been made before the judgment was entered," *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002), nor a chance to rehash issues already ruled upon because a party disagrees with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Having reviewed the pleadings related to this motion, the court finds that further oral argument will not aid in its decision-making process. In the view of this court, the motion presents neither new controlling law, nor new evidence, nor points out a clear legal error of this court. For the above reasons, the motion to revise the judgment is denied.

IT IS SO ORDERED.

March 6, 2014                           Joseph F. Anderson, Jr.
Columbia, South Carolina                United States District Judge

2