IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Keith Curtis, Tyneshia Brooks, Adrienne Davenport, John Davenport, and Catherine Comella-Ports, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>vs.<br><br>Time Warner Entertainment-Advance/Newhouse Partnership, and TWC Administration, LLC<br><br>Defendant. | Civil Action No.: 3:12-cv-2370-JFA<br><br><br><br>**CONSENT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND AWARD OF ATTORNEYS' FEES** |

## I.  Introduction

Keith Curtis, Tyneshia Brooks, Adrienne Davenport, John Davenport, and Catherine Comella-Ports, Individually and on behalf of all others in this opt-in collective action, by and through their undersigned attorneys and with the consent of Defendant, Time Warner Entertainment-Advance/Newhouse Partnership, and TWC Administration LLC, hereby move this Court for Approval of Settlement Agreement attached hereto as Exhibit A. As set forth in detail below, Plaintiffs respectfully request that the Court review and approve the terms of the proposed settlement of this action as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), as well as the proposed apportionment of the settlement proceeds, after conducting a hearing about the fairness, reasonableness, and adequacy of the proposed settlement.

## II.     Statement Of the Case

This is a lawsuit under the Fair Labor Standards Act to recover unpaid overtime compensation for "off the clock" work allegedly required by Defendants. The Plaintiffs asserted that Time Warner Entertainment-Advance/Newhouse Partnership (TWEAN), and TWC Administration LLC (TWCA) (collectively, "Time Warner Cable") knowingly employed policies and practices that resulted in inbound telesales representatives (reps) being required to check their sales (to ensure they were paid commissions they earned) and submit discrepancies (to receive credit for commissions not paid) during unpaid time. The Plaintiffs asserted that these tasks were essential employment tasks, not just because failure to reconcile sales resulted in lower pay, but also because failure to receive credit for sales earned adversely affected performance and could result in termination. The Defendants denied all allegations and further contend that, for any purpose other than settlement, this action is not appropriate for class treatment. Defendants contend that they have complied at all times with the FLSA, including by properly paying its telesales representatives for all hours worked.

The Court conditionally certified the class through its Amended Order on Conditional Class Certification on July 2, 2013 as the parties engaged in a substantial amount of discovery. 416 Time Warner Cable telesales representatives from 7 different states and 7 different call centers returned consent forms to join this litigation.

## III.     Settlement Negotiations

The proposed Settlement Agreement in this case is the product of extensive, arms-length settlement negotiations. The parties undertook two separate mediations. The first mediation took place on June 11, 2014 with certified court mediator Tom Wills in Charleston, South Carolina.

The parties were unable to reach an agreement and after the Court heard motions narrowing the class and expanding the time in which the Defendants could conduct discovery, the parties began again to discuss settlement and agreed to a second mediation. The parties did mediate the case again in August 4, 2014 before Hunter Hughes, a lawyer with extensive experience in litigating and mediating Fair Labor Standard Act cases. An all-day mediation resulted in the terms sought for approval herein.

## IV. Summary of Proposed Settlement Terms

The specific terms of the proposed settlement are set forth in detail in the Settlement Agreement attached hereto. The main terms of the agreement are set forth below.

The settlement set forth in the Settlement Agreement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement Agreement or the settlement is intended, or may be construed, as an admission by Defendants that the claims in the lawsuit have any merit, or that Defendants bear any liability to Plaintiffs on their claims.

The Court's final approval of the Settlement and order of dismissal of this Litigation with prejudice shall result in a full and complete settlement and release for the Settlement Group of the claims alleged in the Litigation against Defendants, which release includes in its effect Defendants and all of their respective past, present, or future parents or other affiliated corporations, divisions, subsidiaries, partnerships, partners, officers, directors, shareholders, employees, agents, attorneys, predecessors, successors, and assigns (and the officers, directors, shareholders, employees, agents, attorneys, predecessors, successors, and assigns of all such parent or other affiliated corporations, divisions, partnerships and subsidiaries). The Settlement releases those claims of the Settlement Group that arose during the Class Period, including all known or unknown claims which could have been asserted in the lawsuit. This waiver and release includes any and all wage and hour claims of any kind or nature under any federal, state, or local law, including, without limitation, any and all claims related

to: (a) Defendants' alleged failure to properly pay telesales representatives wages or overtime compensation; and/or (b) any other claims arising under the FLSA and/or any other federal, state or local constitution, regulation, law (statutory or common), or legal theory based on the Settlement Group's employment with Defendants as telesales representatives.

The Maximum Settlement Amount is Nine Hundred, Ninety-Five Thousand Dollars and Zero Cents ($995,000.00). The Maximum Settlement Amount is inclusive of all payments to Named Plaintiffs, Opt-In Plaintiffs, the Class Counsel Fees and Costs Payment, the Class Representative Payment, and the Settlement Administration Fees. Payments from the Maximum Settlement Amount shall be allocated as follows:

a. A total of Seven Hundred Twenty-Five Thousand, Two Hundred Twenty-Five Dollars and Fifty Cents ($725,225.00) shall be paid from the Maximum Settlement Amount as the Class Counsel Fees and Costs Payment. The Class Counsel Fees and Costs Payment is the total amount of attorneys' fees, litigation costs, and expenses Class Counsel calculates is necessary to compensate them for their representation of Plaintiffs in the Litigation, including their filing of the Litigation, Litigation expenses, this Settlement, and post-settlement activities and compliance procedures. Defendants or the Settlement Administrator shall issue an IRS Form 1099 to Class Counsel for the Class Counsel Fees and Costs Payment. Section V. Attorney's Fees sets forth the fees requested in detail a verification of work performed.

b. Each Named Plaintiff shall receive a Class Representative Payment in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), for a total payment from the Maximum Settlement Amount of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00). The Class Representative Payment is the enhancement award paid to the Named Plaintiffs in their individual capacities for their service as the class representatives and in further consideration of Named Plaintiffs' execution of separate settlement agreements to dismiss and release their individual claims against Defendants. Defendants or the Settlement Administrator shall issue IRS Form 1099s to each Named Plaintiff for the Class Representative Payments.

c. An estimated Eleven Thousand, Five Hundred Dollars and Zero Cents ($11,500.00) shall be allocated from the Maximum Settlement Amount for Settlement Administration Fees. Settlement Administration Fees means all fees owed to the Settlement Administrator in connection with administering the class Settlement in this Action. In the event that the actual Settlement Administration Fees exceed $11,500.00, any such excess amount shall be paid to the Settlement Administrator from the portion of the Maximum Settlement Amount attributed to Class Counsel Fees and Costs Payment.

Defendants shall issue an IRS Form 1099 to the Settlement Administrator for the Settlement Administration Fees.

d. Following the allocation of the amounts described in the above sections, the remainder of the Maximum Settlement Amount ("Net Aggregate Settlement Amount") shall be allocated to the individual members of the Settlement Group as follows:

   i. The Compensable Workweeks for each member of the Settlement Group shall be calculated by determining the number of weeks in which the individual worked at least 37 hours in the workweek as a Telesales Representative for Defendants between April 1, 2011 and the present (the "Class Period") in one of the following locations: Albany, NY, Austin, TX, Columbia, SC, Kansas City, MO, Lincoln, NE, Palm Desert, CA, or Raleigh, NC. Compensable Workweeks shall include only those weeks in which Defendants' records reflect that a Plaintiff received pay for work performed (e.g., an individual who is on leave for an entire workweek or who worked less than 37 hours during the workweek has not accrued a Compensable Workweek). Compensable Workweeks shall not include the first four (4) weeks of a Plaintiff's employment as a Telesales Representative if the inception of such employment occurred during the Class Period or within four (4) weeks of the inception of the Class Period.

   ii. The allocation for each Plaintiff from the Net Aggregate Settlement Amount will be calculated by multiplying $35.00 by the total number of Compensable Workweeks worked by the Plaintiff as determined pursuant to Paragraph 2(d)(i). In no event, however, shall any Plaintiff be allocated less than $52.50.

   iii. All Plaintiffs who returned a written consent to join this action to Plaintiffs' counsel by May 15, 2014 and who performed actual work for Defendants as a Telesales Representative but who do not have any Compensable Workweeks because they did not work a sufficient number of hours in any workweek within the Class Period shall each be allocated a payment of $52.50 from the Net Aggregate Settlement Amount.

   iv. Allocations to Plaintiffs from the Net Aggregate Settlement Amount will be attributed as fifty percent wages and fifty percent non-wages. From each such allocation, deductions for the Plaintiff's share of mandatory federal, state, and local payroll taxes and withholdings on the wage portion of the allocation will be made, resulting in the Plaintiff's "Net Individual Settlement Award." The Net Individual Settlement Award is the sum to be paid to each Plaintiff. Defendants or the Settlement Administrator will issue an IRS W-2 form to each Plaintiff for the wage portion of their Gross Individual Settlement Award payable under this Agreement and an IRS 1099 Form for the non-wage portion as may be necessary.

The settlement terms described above represent a reasonable compromise after an arms-length negotiation. Plaintiffs and class counsel believe the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted. Plaintiff and Plaintiff's counsel, however, also recognize and acknowledge the risk, length and expense of continued proceedings necessary to prosecute the litigation through trial and appeal, especially in complex cases like this action, and believe that the Settlement confers substantial benefits upon the class members. Defendants deny Plaintiff's claims in their entirety and deny any wrongdoing, but wish to avoid the uncertainty and risk attendant with litigation. Should the Court have any questions regarding particular payments to individual class members, Plaintiffs' counsel would be willing to submit a detailed summary of the calculations for each class member to the Court under seal for consideration.

## V.     Attorney's Fees and Costs

The Settlement Agreement calls for an award of $725,225.00 as payment for attorneys' fees and the reimbursement of cost. The specific fees and costs for each of Plaintiffs' firms as well at the monies paid to the claims administer to process the claims are set forth in the attached in the Final Settlement Breakdown attached hereto as Exhibit B.

In support of this motion, the undersigned hereby states:

1.     I am an attorney with the Law Office of Todd Ellis, P.A. and I have represented the Plaintiff's with James Griffin of Lewis Babcock & Griffin, LLP and Richard Harpootlian of Richard A. Harpootlian, P.A. and members of their firms. Our firms represented the Plaintiffs' pursuant to a fee agreement requiring the Court's approval.

2.     After the Court heard extensive motions and expanded the time in which the Defendants could conduct discovery, the parties again began to discuss settlement and agreed to a second

mediation. The parties agreed to the terms of settlement at mediation on August 7, 2014. The Law Office of Todd Ellis, P.A., Lewis, Babcock & Griffin LLP and Richard A. Harpootlian P.A. have been counsel for all opt-in members during the entire litigation.

    3.    Class Counsel undertook the following actions on behalf of the Settlement Class:

        a.    Making all strategic decisions in the case;

        b.    Investigating and drafting the Complaint, which included, among other tasks, review and analysis of all documents from the client and others relating to the employees of the defendant about the allegations that inbound sales representatives purportedly had to perform work off the clock;

        c.    Researching and drafting all motions and legal memoranda in support of the Complaint, including Plaintiffs' Oppositions to Defendant's Motions to Dismiss Plaintiffs' Complaint and Amended Complaint and Defendant's Motion for Summary Judgment;

        d.    Taking and defending various discovery depositions;

        e.    Preparing and serving of multiple discovery requests;

        f.    Reviewing voluminous document productions provided in response to discovery requests;

        g.    Gathering information in response to discovery requests;

        h.    Negotiating, documenting, and implementing the settlement.

    4.    The undersigned, Todd Ellis, verifies the attorney's fees and costs for his firm and warrants that his co-counsel has warranted to him that the fees and costs are accurate. Plaintiffs' counsel have expended at least 1,945 hours pursuing this litigation. The total lodestar for these hours worked is $691,015.50.

5. The lodestar figures are based upon the firm's billing rates, which do not include charges for expenses, and the rates are those that have been charged for non-contingency fee matters.

6. The total expenses incurred to date as reflected on the firms' books and records are $51,446.67. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

7. Mr. Harpootlian and members of his firm have expended at least 1,010.45 hours pursuing this litigation. The total lodestar for these hours worked is at least $334,590.00.

8. Mr. Harpootlian has incurred expenses in the amount of $44,921.28.

9. Mr. Griffin and members of his firm have expended at least 233 hours pursuing this litigation.

10. Mr. Griffin has incurred expenses in the amount of $4,590.37.

11. My office expended at least 702 hours pursuing this litigation. The total lodestar for these hours worked is at least $297,175.00.

12. My office incurred expenses in the amount of $1,935.02.

13. Counsel conducted this litigation in a coordinated and well-organized fashion to ensure efficiency and minimize unnecessary duplication of work. In addition, where professionally and economically feasible, work was assigned to personnel with lower billing rates in order to provide the best quality work at lower cost.

14. The total lodestar for these hours worked is $691,015.50 but counsel for the Plaintiffs is seeking a Settlement Agreement that reduces fees to $673,778.33 so that the allocation negotiated for the class can remain at two (2) hours of overtime for each week a class member worked thirty-seven (37) hours or more in a work week and that no class member shall receive less than three (3) hours of overtime work or $52.50.

Based on the foregoing, Plaintiffs respectfully request that the Court enter an order awarding attorneys' fees and costs in the amount of $725,225.00.

## VI. Conclusion

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant approval of the Settlement Agreement, including the proposed apportionment of the settlement proceeds, attorney's fees and costs and administrative fees. Respectfully submitted,

BY: s/ Todd R. Ellis
Todd R. Ellis (Fed No. 6488)
todd@toddellislaw.com
LAW OFFICE OF TODD ELLIS, P.A.
7911 Broad River Road, Suite 100
Irmo, South Carolina 29063
T: (803) 732.0123
F: (803) 732.0124

James M. Griffin (Fed. No. 1053)
jmg@lbglegal.com
Margaret N. Fox (Fed. No. 10576)
mnf@lbglegal.com
LEWIS, BABCOCK, & GRIFFIN, L.L.P.
Post Office Box 11208
Columbia, South Carolina 29211
T: (803) 771.8000
F: (803) 733.3541

Richard A. Harpootlian (Fed. No. 1730)
rah@harpootlianlaw.com
Christopher Kenney (Fed. No. 11314)
cpk@harpootlianlaw.com
RICHARD HARPOOTLIAN, P.A.

Post Office Box 1090
Columbia, South Carolina 29202
T: (803) 252.4848
F: (803) 252.4810
ATTORNEYS FOR PLAINTIFFS

-AND-

SOWELL GRAY STEPP & LAFFITTE, L.L.C.

By: s/ Thornwell F. Sowell
    Thornwell F. Sowell
    Fed. I.D. No.: 4244
    bsowell@sowellgray.com
    Bess J. DuRant
    Fed I.D. No.: 10603
    bdurant@sowellgray.com
    1310 Gadsden Street (29201)
    Post Office Box 11449
    Columbia, South Carolina 29211
    Telephone: 803-929-1400
    Facsimile: 803-929-0300

-and-

Michael D. Kabat (admitted pro hac vice)
mkabat@wargofrench.com
Joseph W. Ozmer III (admitted pro hac vice)
jozmer@wargofrench.com
Paul G. Sherman (admitted pro hac vice)
psherman@wargofrench.com
Sarah T. Thompson (admitted pro hac vice)
sthompson@wargofrench.com
Joseph Scott Carr (admitted pro hac vice)
scarr@wargofrench.com
Wargo & French LLP
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia  30309
Telephone:  (404) 853-1500
Facsimile:  (404) 853-1501

ATTORNEYS FOR DEFENDANTS

Columbia, South Carolina
September 3, 2014

VERIFICATION

The undersigned, counsel for Plaintiff does hereby verify that the factual information related to my attorney's fees and costs set forth in the Motion for Approval of the Settlement Agreement and Award of Attorneys' Fees is true and correct to the best of my knowledge and belief and that the same has been warranted to him by co-counsel as to their attorney's fees and costs.

_____
Todd R. Ellis

Sworn to and subscribed before me
This __4__, Day of September, 2014

_Douglas E. Adams_

My Commission Expires: __8/7/18__