IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Keith Curtis, Tyneshia Brooks, Adrienne Davenport, John Davenport, and Catherine Comella-Ports, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Time Warner Entertainment-Advance/Newhouse Partnership, and TWC Administration, LLC<br><br>　　　　　Defendants. | C/A No. 3:12-cv-2370-JFA<br><br><br>**ORDER** |

　　　　These matters having come before the Court upon the Motion of the Plaintiffs, Keith Curtis, Tyneshia Brooks, Adrienne Davenport, John Davenport, and Catherine Comella-Ports, Individually and on behalf of all others in this opt-in collective action, by and through their undersigned attorneys and with the consent of Defendants, Time Warner Entertainment-Advance/Newhouse Partnership, and TWC Administration, LLC, for approval of the Settlement Agreement reached between the parties. The Court reviewed and approved the terms of the proposed settlement of this action as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), as well as the proposed apportionment of the settlement proceeds, after conducting a hearing about the fairness, reasonableness, and adequacy of the proposed settlement.

IT IS HEREBY ORDERED AS FOLLOWS:

1. This Order incorporates by reference the definitions of the Settlement Agreement, and all capitalized terms used in this Order will have the same meaning as set forth in the Settlement Agreement, unless otherwise noted in this Order.

2. Based on the Court's review of the Settlement Agreement, the Motion for Approval of Settlement Agreement and Attorney's Fees and Costs, and the attachments thereto, argument of counsel at the hearing on the approval on September 4, 2014, and the entire record, the Court finds that the Settlement Agreement is fair, reasonable, and grants the Motion to Approve the Settlement Agreement and Attorney's Fees and Costs.

3. The Settlement Agreement and the allocation of payment to the class members, as well as the attorney's fees and costs and the administrative fee, are fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Action and are free of collusion to the detriment of the Class Members.

4. The Court finds that the Settlement Agreement's plan for the administration of the class claims is efficient and acceptable, and that Defendant shall fund the settlement as set forth in the Settlement Agreement on or before ten (10) business days after the preconditions are met in the Settlement Agreement.

IT IS SO ORDERED.

September 9, 2014                              Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge